## Reed v. Shirley, et al.

(Decided February 24, 1925.)

### Appeal from Mercer Circuit Court.

1. **Principal and Surety—Sureties on Vendor's Lien Note Not Entitled to Benefits of Lien Until Payment of Other Notes Not Signed by Sureties.**—As sureties on one of three vendor's lien notes were not entitled to benefits of lien until payment in full of other two notes, and payee assigning the note signed by sureties was liable to assignee, where proceeds of land were insufficient to pay other two notes, payee was entitled to judgment against sureties for full amount of note signed by them, less amount paid by them to assignee.

2. **Assignments for Benefit of Creditors—Execution of Mortgage to Secure Pre-existing Indebtedness.**—Where an insolvent mortgagor executed a mortgage, not to secure any debt or liability created simultaneously with it, but a pre-existing debt, under section 1910, Ky. Stats., it operated as an assignment for the benefit of his creditors.

C. E. RANKIN for appellant.

EMMETT PURYEAR, ROY E. GRAVES, R. L. BLACK and E. H. GAITHER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

On October 30, 1919, appellant, W. B. Reed, conveyed to appellee, J. M. Shirley, a tract of land located in Mer-

cer county, Kentucky, containing 63 acres. For the purchase price appellee executed and delivered to appellant three purchase money lien notes for $1,377.87 each, due January 1, 1920, 1922, and 1923, respectively. Appellee, G. W. Shirley, and one James Woods, became sureties on the first of the notes by signing it. When the note fell due the payors were unable to raise the money to settle it, and arranged with appellee, D. N. Rue, to take it up. Rue paid to appellant the amount due on the note and it was transferred to him. None of the notes having been paid, appellant, the owner and holder of the last two lien notes, sued in equity to collect them by enforcing his lien on the land. He made the sureties on the first note and Rue, to whom he had assigned it, parties defendant, and pleaded that when the first note was paid off by Rue it was understood between them that appellant's debt against the land evidenced by the two remaining notes would be protected by first lien on the land and that the lien on the land to secure Rue's debt would be secondary, his debt being secured by the personal security. He pleaded that by fraud or mistake the true contract made between them was not embodied in the assignment of the first purchase lien note to Rue, and sought to have it reformed. Appellant's right to have the assignment of the note reformed was controverted and the cause came on for trial on the issues thus made. By the judgment rendered, the chancellor awarded appellant judgment against appellee, J. M. Shirley, for $2,755.74, the amount of his two notes, with interest, and awarded appellee, D. N. Rue, a judgment against appellees, J. M. Shirley, G. W. Shirley and the executors of James Woods, who had died during the pendency of the action, for $1,377.87, the amount of the first note, with interest. It was further adjudged that appellant, Reed, and appellee, Rue, had purchase money liens of equal dignity on the land described in the petition to secure them in the payment of their debts, and the land was ordered sold to satisfy them. The proceeds of the sale of the land were adjudged to be applied ratably to the satisfaction of the debts of appellant, Reed, and appellee, Rue. The judgment denied appellant all the other relief sought by him. The land when sold brought $2,454.00. After payment of the cost there was left $2.331.90 to apply on the payment of the lien debts; one-third of it was ordered paid to appellee, D. N. Rue, and the balance to appellant, Reed. This appeal is prosecuted from that judgment.

It is deemed unnecessary to discuss appellant's contention that the trial court erroneously refused his right to have a reformation of the assignment of the note to appellee, Rue, in view of the fact that the record discloses that G. W. Shirley and the estate of James Woods are solvent. It is obvious that the judgment rendered has not given full effect to the suretyship of Shirley and Woods on the first note. Having found that appellant was not entitled to a reformation of the assignment of the first note, he was bound to appellee, Rue, for the full amount of it. The sureties on the first note were bound to appellant, Reed, or his assignee, Rue, for its payment in full, and, upon paying it, as against appellant, were not entitled to the benefits of the lien upon the land until the remaining two notes for the purchase money had been paid in full. That question was fully discussed and conclusively settled in the very recent opinion of this court in Cargile v. Briscoe, 205 Ky. 394. Under the judgment rendered herein the sureties on the first note have been required to pay only the balance of it remaining unpaid after it was credited with $777.30 paid on it out of the sale price of the land; whereas, under the law of this state, as settled by the Cargile case, *supra*, by having signed the first note as sureties, they bound themselves for the payment of all or such part of it as the lien on the land did not make good after the full payment to the vendor of that part of the purchase money lien notes secured by lien on the land alone. It appears that the land when sold did not bring enough to pay appellant's two purchase money lien notes. Consequently, the judgment rendered did not impose upon appellees, G. W. Shirley and the executors of James Woods, the full liability assumed by them when they signed the first of the notes as sureties. The error may be corrected by awarding appellant a judgment against them for the full amount of the note they signed as sureties, with interest, credited by the amount paid by them to appellee, Rue, under the judgment appealed from herein, as of the date paid. The facts were all pleaded, and appellant's prayer for general relief authorizes the judgment.

The petition herein attacked as preferential a mortgage given by appellee, James M. Shirley, to appellees, G. W. Shirley and D. N. Rue, covering a certain tobacco crop. It was sought to have the mortgage cancelled as preferential and to operate as an assignment for the benefit of the mortgagor's creditors under section 1910, Car-

roll's Kentucky Statutes, 1922. The mortgage itself and all the testimony relative to the question establish that it was given to secure a prior created indebtedness. No debt or liability was created simultaneously with the mortgage. The testimony discloses that J. M. Shirley was then insolvent.

It appearing that when insolvent the mortgagor executed the mortgage to the mortgagees, not to secure any debt or liability created simultaneously with it but a pre-existing indebtedness or liability, and that it was a preference of a part of his creditors to the exclusion in whole or in part of others, it follows that under the statute, *supra*, it operated as an assignment for the benefit of his creditors, and should have been so treated by the chancellor in the judgment herein.

Reversed and remanded for a judgment in conformity herewith.